# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROLANDO OCHOA,<br><br>        Plaintiff,<br><br>   v.<br><br>E. FLORES,<br><br>        Defendant.<br>_____/ | CASE NO. 1:10-CV-02175-DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND<br><br>(DOC. 8)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.     Background**

Jose Rolando Ochoa ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on November 22, 2010.  Doc. 1.  Plaintiff filed a first amended complaint on February 4, 2011.  Doc. 8.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Amended Complaint

Plaintiff is currently incarcerated at North Kern State Prison ("NKSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendant E. Flores, a medical doctor employed at NKSP.

Plaintiff allege the following.  On February 25, 2010, Plaintiff filed a health care request form CDC 7362 concerning his back problems, and explaining that he had been on pain medication and physical therapy.  Plaintiff requested pain medication.  Plaintiff was scheduled for a medical appointment on March 16, 2010.  Defendant Flores did not grant Plaintiff's request for pain medication.  Plaintiff did not agree with Defendant Flores's decision, and filed a CDCR 602-HC form.  Plaintiff requested pain medication, a soft shoe chrono, and a MRI.  Plaintiff was scheduled for another medical appointment with Defendant Flores on April 4, 2010, and Defendant Flores again failed to comply with the CDCR 602 HC orders.

After April 4, 2010, Plaintiff had an appointment with another medical doctor, who prescribed Plaintiff tylenol three times a day for thirty days.  Plaintiff had a third follow-up appointment with Defendant Flores.  Plaintiff requested tylenol as it had helped with Plaintiff's pain.  Defendant Flores instead prescribed 300 mg of neraton, which did not relieve any pain at all.  Plaintiff complains that Defendant Flores's diagnosis was cursory, and that she failed to provide all the medical requests that he made in the granted CDCR 602 HC form.

Plaintiff alleges a violation of the Eighth Amendment and of the Due Process Clause of

the Fourteenth Amendment.  Plaintiff requests declaratory relief and monetary damages.

**III.    Analysis**

    **A.    Eighth Amendment - Medical Care**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against Defendant Flores.  First, Plaintiff fails to allege facts which indicate that Defendant Flores knew of and disregarded an excessive risk to Plaintiff's health.  *Farmer*, 511 U.S. at 834, 837.  Based on the allegations, Defendant Flores prescribed neraton as treatment for Plaintiff's medical issues after the third visit.  Plaintiff's claim as currently alleged amounts at most to negligence, which is not sufficient to state a claim.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Plaintiff also does not sufficiently plead facts which indicate what harm occurred to Plaintiff.  Based on the allegations, after Defendant Flores

allegedly denied Plaintiff pain medication at the second medical visit, another medical doctor prescribed tylenol.  It thus appears that Plaintiff received treatment for his pain.  Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

### B. Due Process

Plaintiff alleges that Defendant Flores violated Plaintiff's due process rights by failing to comply with a grant of Plaintiff's 602 HC inmate grievance.  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 850, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted).  Here, the Eighth Amendment, and not the more generalized notion of due process, is the explicit textual source of Plaintiff's constitutional protection.  Thus, Plaintiff does not state a due process claim.

## IV. Conclusion And Order

Plaintiff's first amended complaint is dismissed for failure to state a claim against Defendant Flores.  The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: __May 12, 2011__                              __/s/ Dennis L. Beck__
                                                                               UNITED STATES MAGISTRATE JUDGE