# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROLANDO OCHOA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>E. FLORES,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:10-CV-02175-DLB PC<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO STATE A CLAIM (DOC. 10)<br><br>DISMISSAL COUNTS AS STRIKE<br>PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.　Background**

Plaintiff Jose Rolando Ochoa ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on November 22, 2010. Plaintiff subsequently filed a first amended complaint on February 4, 2011. On May 13, 2011, the Court screened Plaintiff's first amended complaint and dismissed it for failure to state a claim, with leave to amend. Plaintiff filed his second amended complaint on May 31, 2011. Doc. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Second Amended Complaint

Plaintiff is currently incarcerated at North Kern State Prison ("NKSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendant E. Flores, a medical doctor.

Plaintiff alleges the following. On February 25, 2010, Plaintiff filed a health care request form, complaining of his back problems, and requesting pain medication and physical therapy. Plaintiff was scheduled for a medical appointment on March 16, 2010. Defendant E. Flores did not grant Plaintiff's request for pain medication. Plaintiff subsequently filed a CDC 602 HC form, requesting pain medication, a soft shoe chrono, and a MRI. Plaintiff's requests were subsequently granted. Plaintiff was scheduled for another medical appointment with Defendant Flores on April 4, 2010. Defendant Flores again failed to comply, but did order an x-ray for Plaintiff's back.

Plaintiff received an appointment with another medical doctor who prescribed Plaintiff Tylenol 3 three times a day for thirty days. Plaintiff had a third follow-up with Defendant Flores. Plaintiff requested Tylenol 3, but was prescribed instead 300 mg of neraton, which failed to relieve the pain. Plaintiff contends that Defendant Flores violated the Eighth Amendment. Plaintiff requests as relief monetary damages and declaratory relief.

### III. Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff again fails to state an Eighth Amendment claim. Plaintiff alleges at most medical negligence, which is not an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs). The Court finds that Plaintiff will be unable to cure the deficiencies identified in this order. Further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### IV. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief may be

3

1          granted under 42 U.S.C. § 1983;

2     2.   This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and

3     3.   The Clerk of the Court is directed to close this action accordingly.

IT IS SO ORDERED.

**Dated:**   **August 23, 2011**                    **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE